_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01640-FWS-JC                                Date: July 28, 2025
Title: *J.P. v. Ernesto Santacruz Jr et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Deborah Lewman for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION [2]**

    Petitioner J. P. ("Petitioner") brings this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief against Respondent Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Respondent Ernesto Santacruz Jr., ICE's Enforcement and Removal Operations Los Angeles Acting Field Office Director, Respondent Kristi Noem, the Secretary of the Department of Homeland Security, and Respondent Pam Bondi, the Attorney General of the United States (collectively, "Respondents"). (Dkt. 1 ("Petition" or "Pet.").) Before the court are Petitioner's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Dkt. 2 ("Application" or "App.").) Respondents opposed the Application. (Dkt. 9.) Based on the state of the record, as applied to the applicable law, the Application is **GRANTED IN PART AND DENIED IN PART.**

I.     **Background Summary**

    On July 18, 2025, Petitioner was stopped by the police in Tustin, Orange County, CA, for allegedly having "tinted windows." (Pet. ¶ 7.) Petitioner was "dragged from his vehicle, assaulted, and ended up in the emergency room at Orange County Global Medical Center." (*Id.*) In the early morning of July 19, 2025, Petitioner was "snuck out of the hospital by the

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01640-FWS-JC | Date: July 28, 2025 |
| Title: *J.P. v. Ernesto Santacruz Jr et al.* | |

police and booked into jail." (*Id.*)  Later that day, Petitioner was released, and no charges have since been filed against him.  (*Id.*)

On July 24, 2025, Petitioner received a phone call from an Intensive Supervision Appearance Program ("ISAP") representative who said that he would need to report to the ISAP office in person to meet a new case manager and that in-person check-ins would be added to his supervision requirements.  (*Id.* ¶ 74.)  Then, on July 25, 2025, Petitioner's immigration attorney emailed ICE Deportation Officer Samuel Chairez and asked if ICE planned to detain Petitioner when he reported to ISAP.  (*Id.* ¶ 75.)  Later that day, Officer Chairez called back and stated that Petitioner was being called in due to his July 18th arrest and indicated that there was a possibility that ICE would re-detain Petitioner after he reported for a "case review."  (*Id.*)  On the same day, Petitioner received a text message through the ISAP application on his phone, asking if he could go to the ISAP office on Monday or Tuesday, which he replied that he would go on Tuesday.  (*Id.*)

Petitioner brings this Application requesting the following:

> Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Rule 65-1 of the Local Rules of this Court, Petitioner-Plaintiff hereby moves this Court for an order enjoining Respondents-Defendants Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), and Pam Bondi, in her official capacity as the U.S. Attorney General, from re-arresting Petitioner J. P. ("J. P." or "Petitioner") unless and until he is afforded a hearing before a neutral decisionmaker, as required by the Due Process clause of the Fifth Amendment, to determine whether clear and convincing evidence demonstrates that there has been a material change in circumstances and that he is a danger or a flight risk such that his re-incarceration would be justified.

(App. at 2.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01640-FWS-JC | Date: July 28, 2025 |
| Title: *J.P. v. Ernesto Santacruz Jr et al.* | |

## II.   Legal Standard

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief."  *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest."  *Id.* (quoting *Winter*, 555 U.S. at 20).  Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard."  *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified).  Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).  "The most important among these factors is the likelihood of success on the merits."  *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).  "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional."  *Id.*

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01640-FWS-JC | Date: July 28, 2025 |
| Title: J.P. v. Ernesto Santacruz Jr *et al.* | |

### III.   Discussion

As an initial matter, the court finds that the requirements for issuing an *ex parte* temporary restraining order are satisfied. *See* Fed. R. Civ. P. 65(b). Here, Petitioner has set out specific facts that "clearly show that immediate and irreparable injury, loss, or damage" may result before the Respondents can be heard in an opposition. *Id.*; (*see also* Dkt. 2-1 (Declaration of Katharine Tinto) ¶¶ 2-5; App.); *Garcia v. Bondi*, 2025 WL 1676855, at *2 (N.D. Cal. June 14, 2025) ("Petitioner-Plaintiff's attorney has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition and has stated that counsel attempted to contact the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on Friday, June 13, 2025 regarding the forthcoming Habeas Petition and Motion for Temporary Restraining Order." (citation modified)).

The court finds that Petitioner sufficiently demonstrates serious questions going to the merits and establishes a likelihood of success. "The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Enamorado v. Kaiser*, 2025 WL 1382859, at *2 (N.D. Cal. May 12, 2025) (citing U.S. Const. amend. V.). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "These protections apply to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent, and to immigration detention as well as criminal detention." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." *Garcia*, 2025 WL 1676855, at *2 (collecting cases).

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified). "The Ninth Circuit has recognized 'irreparable harms imposed on anyone subject to immigration detention' including 'the economic burdens imposed on detainees and

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01640-FWS-JC                               Date: July 28, 2025
Title: *J.P. v. Ernesto Santacruz Jr et al.*

their families as a result of detention, and the collateral harms to children of detainees whose parents are detained.'" *Garcia*, 2025 WL 1676855, at *3 (quoting *Hernandez*, 872 F.3d at 995). Here, Petitioner "supports his 61-year-old mother emotionally, physically, and financially," and "his two sisters, including one who is a single mother of two sons for whom [Petitioner] is the primary father figure." (App. at 25.)

Moreover, "on August 18, 2023, an Immigration Judge ('IJ') determined that the Department could not meet its burden and found that [Petitioner] was neither a flight risk nor a danger." (App. at 24.) The IJ ordered Petitioner's release from custody on the minimum bond possible, specifying in the bond order that his release should not include ankle/electronic monitoring. (*Id.*) Based on the stated of the record, the court has no information to suggest that Petitioner is a flight risk or a danger to the public. *Kaiser*, 2025 WL 1382859, at *2 ("The Court has no information to suggest that Mr. Enamorado is unlikely to appear for any scheduled immigration related proceedings, nor does Mr. Enamorado appear to pose any risk to the public. In light of those considerations, the Court is not aware of any reason why the Government would detain or remove Mr. Enamorado, particularly during the scheduled May 14, 2025 interview." (citation modified)).

Finally, the court finds that the balance of equities tips in favor of maintaining the status quo and enjoining Respondents from detaining or arresting Petitioner for a short period of time. *See Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) ("In addition, the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." (citation modified)); *Vargas v. Jennings*, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) ("Given the low risk that petitioner would cause harm to others or flee, in light of his strong family ties, financial responsibilities and work commitments, such government expenditure in this case would not greatly serve the interests of the general public."); *Sessions*, 872 F.3d at 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "As such, in an abundance of caution, the [c]ourt temporarily

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01640-FWS-JC | Date: July 28, 2025 |
| Title: *J.P. v. Ernesto Santacruz Jr et al.* | |

enjoins the parties from deviating from the status quo until the parties' rights can be fully briefed and presented at oral argument." *Kaiser*, 2025 WL 1382859, at *2.

**IV.    Disposition**

For the foregoing reasons, the Application is **GRANTED IN PART AND DENIED IN PART**.  The court **DENIES** Petitioner's request for an order enjoining and restraining Respondents from re-detaining or re-arresting Petitioner without notice and without a hearing on an ongoing and indeterminate period of time.  However, to preserve the status quo pending further briefing and a hearing on this matter, the Application is **GRANTED IN PART**, and Respondents are **ENJOINED AND RESTRAINED** from re-detaining or re-arresting Petitioner without notice and without a hearing until **August 14, 2025, at 5:00 p.m.**

Respondents are **ORDERED TO SHOW CAUSE** to show cause at an in-person hearing on **Thursday, August 14, 2025, at 10:00 a.m. in Courtroom 10D** why a preliminary injunction should not be issued.  Respondents may file a new response to Petitioner's Application on or before **August 4, 2025, at 5:00 p.m**.  Petitioner may file a reply no later than **August 8, 2025, at 5:00 p.m**.

___