UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01640-FWS-JC                          Date: August 27, 2025
Title: J.P. v. Ernesto Santacruz Jr *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION FOLLOWING ORDER TO SHOW CAUSE [11]**

Petitioner J. P. ("Petitioner") brings this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief against Respondent Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Respondent Ernesto Santacruz Jr., ICE's Enforcement and Removal Operations Los Angeles Acting Field Office Director, Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), and Respondent Pam Bondi, the Attorney General of the United States, pursuant to 28 U.S.C. § 2241(c) (collectively, "Respondents"). (Dkt. 1 ("Petition" or "Pet.").) Petitioner filed an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. (Dkt. 2 ("Application" or "App.").) Respondents opposed the Application. (Dkt. 9 ("Opp.").) On July 29, 2025, the court issued an Order Granting in Part and Denying in Part the Application. (Dkt. 11 ("TRO").) In the TRO, the court ordered Respondents to show cause at an in-person hearing why a preliminary injunction should not be issued. (*Id.* at 6 ("OSC").) Petitioner then filed a reply in support of the Motion for Preliminary Injunction. (Dkt. 16 ("Reply").) The court held a hearing on the OSC on August 21, 2025, and continued the temporary restraining order until August 28, 2025, or further order from the court. (Dkt. 17.) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion for Preliminary Injunction.[1]

---

[1] The court discharges its July 29, 2025, Order to Show Cause. (TRO.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01640-FWS-JC                                    Date: August 27, 2025
Title: J.P. v. Ernesto Santacruz Jr *et al.*

I.      **Background**

Between October 29, 2021, and August 23, 2023, Petitioner was incarcerated pending the resolution of his immigration case.  (Pet. ¶ 2.)  On February 10, 2023, Petitioner filed a habeas petition challenging his prolonged detention and the judge ordered the government to provide Petitioner with a bond hearing in Immigration Court.  (*Id.*)  At the bond hearing, the Immigration Judge determined that Petitioner was neither a flight risk nor a danger and then ordered his release from custody on bond.  (*Id.*)  Thereafter, Petitioner was enrolled in the Intensive Supervision Appearance Program ("ISAP") where he made one in-person visit and was later told he would only be required to complete virtual check-ins going forward.  (*Id.* ¶ 3.)  Since his enrollment in ISAP, he has complied with his virtual check-in requirements.  (*Id.*)

On August 17, 2023, an Immigration Judge granted his application for deferral of removal under the Convention Against Torture.  (*Id.* ¶ 4.)  The DHS appealed the decision and that appeal is currently pending before the Board of Immigration Appeals.  (*Id.*)

On July 18, 2025, Petitioner was stopped by the police in Tustin Orange County, CA, for allegedly having "tinted windows."  (*Id.* ¶ 7.)  Petitioner was "dragged from his vehicle, assaulted, and ended up in the emergency room at Orange County Global Medical Center." (*Id.*)  In the early morning of July 19, 2025, Petitioner was "snuck out of the hospital by the police and booked into jail."  (*Id.*)  Later that day, Petitioner was released, and no charges have since been filed against him.  (*Id.*)

On July 24, 2025, Petitioner received a phone call from an ISAP representative who said that Petitioner would need to report to the ISAP office in person to meet a new case manager and that in-person check-ins would be added to his supervision requirements.  (*Id.* ¶ 8.)  The next day, Petitioner's immigration attorney emailed ICE Deportation Officer Samuel Chairez and asked if ICE planned to detain Petitioner when he reported to ISAP.  (*Id.* ¶ 9.)  Officer Chairez informed Petitioner's immigration attorney that Petitioner was required to go for a "case review" due to his July 18th arrest and possibly could be taken into custody.  *Id.*  Shortly after, Petitioner filed the Application seeking to enjoin and restrain Respondents from re-

_____

**CIVIL MINUTES – GENERAL**                                                          **2**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01640-FWS-JC                                    Date: August 27, 2025
Title: J.P. v. Ernesto Santacruz Jr *et al.*

detaining or re-arresting Petitioner.  (App.)  The court issued a TRO to preserve the status quo pending further briefing and a hearing on this matter.  (TRO.)  The court ordered that "Respondents are ENJOINED AND RESTRAINED from re-detaining or re-arresting Petitioner without notice and without a hearing until August 14, 2025, at 5:00 p.m." (*Id.*)

Petitioner moves for a preliminary injunction enjoining Respondents from re-arresting Petitioner unless and until he is afforded a hearing before a neutral decisionmaker to determine whether his re-detention would be lawful.  (App. at 2-3.)

## II.    Subject Matter Jurisdiction

District courts may exercise jurisdiction over habeas petitions pursuant to 28 U.S.C. § 2241 where the petitioner "is in custody in violation of the Constitution and laws or treaties of the United States."  28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody."); *see also Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus.").  "The party seeking relief bears the burden of establishing jurisdiction." *Pinson v. Carvajal*, 69 F.4th 1059, 1063 (9th Cir. 2023).

"[T]he Ninth Circuit has long held that [] 'the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.'" *Pinson*, 69 F.4th at 1065 (citing *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear . . . from the common-law history of the writ . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").  "[C]laims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus." *Pinson*, 69 F.4th at 1071.

## III.    Discussion

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01640-FWS-JC                    Date: August 27, 2025
Title: J.P. v. Ernesto Santacruz Jr *et al.*

Respondents argue that Petitioner's claim is not a cognizable habeas petition because it does not seek release from custody or challenge his custody.  (Opp. at 4-5.)  Petitioner responds that the Petition challenges his future confinement as violative of Due Process and therefore his claims sound in habeas.  (Reply at 7.)

The court finds that Petitioner's allegations are insufficient to demonstrate Petitioner is "in custody" pursuant to 28 U.S.C. § 2241(c).  Petitioner alleges that he is "participating in ISAP, an 'alternatives to detention' monitoring program imposed on some immigrants."  (Pet. ¶ 13.)  Under this program, Petitioner "is required to check in virtually on a monthly schedule and must be at home when he does so."  (*Id.*)  At the hearing, Petitioner described the check-in process as signing onto a phone application for a few minutes which would track Petitioner's location.  (Dkt. 17.)  In addition, Petitioner provides the Order of Supervision to demonstrate the restrictions on Petitioner's liberty.  (Dkt. 1-1 (Declaration of E. Katharine Tinto) Ex. B.)  However, based on the record, the court finds that Petitioner's alleged restrictions are insufficient to demonstrate he is "in custody," the functional equivalent of custody, and/or constructive custody.  *Cf. Orellana Juarez v. Moniz*, 2025 WL 1698600, at *4 (D. Mass. June 11, 2025) (finding that petitioner adequately alleged custody where petitioner was required to "wear a 24/7 GPS device on his ankle which allows ICE to monitor him constantly" and to enroll in "an intensive supervision program which includes the requirements of regular reporting, allowing ICE to enter his residence at home visits, a curfew of 10 PM, and geographic restrictions which prohibit him from traveling outside of Massachusetts, New Hampshire, Rhode Island, and Connecticut").

Even if Petitioner adequately alleged custody, the court would find that Petitioner fails to adequately demonstrate he is challenging his confinement.  Here, Petitioner does not challenge the lawfulness of his alleged custody.  (*See generally* Pet., App.)  Rather, Petitioner challenges his *potential* confinement absent a pre-deprivation hearing before a neutral adjudicator.  (App. at 2; Reply at 7.)  Petitioner's concern about re-detention stems from Respondents indication that they *may possibly* re-detain Petitioner at a future in-person appointment that the ISAP scheduled.  (App. at 2, 11-13.)  Based on the record in this case, the court would not find that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01640-FWS-JC                                      Date: August 27, 2025
Title: J.P. v. Ernesto Santacruz Jr *et al.*

Petitioner adequately demonstrates a challenge to his custody.[2] *See Pinson*, 69 F.4th at 1065; *id.* at 1073 ("Because this claim neither goes to the fact of Sands's confinement nor would require immediate release if successful, it is outside the core of habeas."); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement.  Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought under § 1983." (citation modified)); *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring) (contending that characterizing a claim contemplating "relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody" as lying "at the 'core of habeas' would utterly sever the writ from its common-law roots").

Accordingly, the court **DENIES** the Motion for a Preliminary Injunction because Petitioner fails to adequately demonstrate that the court may exercise jurisdiction over the Petition.[3]

## IV.    Disposition

For the foregoing reasons, the court **DENIES** the Motion for a Preliminary Injunction. The court **ORDERS** Petitioner to show cause, in writing, no later than **September 4, 2025**, why the court should not dismiss the Petition for lack of subject matter jurisdiction.  Failure to respond by the above date will result in the court dismissing this case.

---

[2] Petitioner relies on *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) and *Ortega v. Kaiser*, 2025 WL 1771438, at *4 (N.D. Cal. June 26, 2025) as examples of district court decisions granting relief for individuals who are seeking to prevent future physical confinement. (Reply at 7.)  However, the court is not persuaded by these cases as applied to the record in the instant case.

[3] In light of the court's ruling, the court does not analyze the merits of the request for the preliminary injunction under the applicable law, including *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) and *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).