**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-01640-FWS-JC  Date: October 24, 2025
Title: J.P. v. Ernesto Santacruz Jr. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:        Attorneys Present for Respondents:

Not Present                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.   Introduction**

This case concerns Petitioner J. P.'s request for a notice and a hearing before a neutral adjudicator prior to his potential future re-detention and/or re-arrest. (*See generally* Dkt. 1 ("Petition" or "Pet.").) Petitioner is released on immigration bond and subject to periodic check-ins. (Dkt. 1-3 (Declaration of Kathleen Kavanagh) ¶ 13.) Petitioner brings this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief against Respondent Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Respondent Ernesto Santacruz Jr., ICE's Enforcement and Removal Operations Los Angeles Acting Field Office Director, Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), and Respondent Pam Bondi, the Attorney General of the United States, pursuant to 28 U.S.C. § 2241(c) (collectively, "Respondents"). (Pet.)

On August 27, 2025, the court ordered Petitioner "to show cause, in writing, no later than September 4, 2025, why the court should not dismiss the Petition for lack of subject matter jurisdiction." (Dkt. 20 ("OSC") at 5.) On September 4, 2025, Petitioner filed a response to the OSC. (Dkt. 21 ("Brief").) The court ordered "Respondents to file a response to the Brief" and that "Petitioner may file a reply in support of the Brief." (Dkt. 22.) Respondents filed a response to the Brief. (Dkt. 25 ("Response").) Petitioner filed a reply in support of the Brief, (Dkt. 27 ("Reply")), and a status report on whether Petitioner was detained and/or arrested at a

_____

| UNITED STATES DISTRICT COURT  CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

**CIVIL MINUTES – GENERAL**

| Case No.: 8:25-cv-01640-FWS-JC | Date: October 24, 2025 |
| Title: J.P. v. Ernesto Santacruz Jr. *et al.* | |

recent in-person appointment, (Dkt. 30).  Based on the state of the record, as applied to the applicable law, the Petition is **DISMISSED** for lack of subject matter jurisdiction.

## II.     Background

Between October 29, 2021, and August 23, 2023, Petitioner was incarcerated pending the resolution of his immigration case.  (Pet. ¶ 2.)  On February 10, 2023, Petitioner filed a habeas petition challenging his prolonged detention and the judge ordered the government to provide Petitioner with a bond hearing in Immigration Court.  (*Id.*)  At the bond hearing, the Immigration Judge determined that Petitioner was neither a flight risk nor a danger and then ordered his release from custody on bond.  (*Id.*)  Thereafter, Petitioner was enrolled in the Intensive Supervision Appearance Program ("ISAP") where he made one in-person visit and was later told he would only be required to complete virtual check-ins going forward.  (*Id.* ¶ 3.)  Since his enrollment, he has complied with his virtual check-in requirements.  (*Id.*)  On August 17, 2023, an Immigration Judge granted his application for deferral of removal under the Convention Against Torture.  (*Id.* ¶ 4.)  The DHS appealed the decision and that appeal is currently pending before the Board of Immigration Appeals.  (*Id.*)

Petitioner's release on bond was conditioned on his compliance with his Order of Supervision ("OSUP") and DHS's Alternatives to Detention Program ("ATD").  (Dkt. 21-3 (Second Declaration of Kathleen Kavanagh) ¶ 4; Dkt. 1-1 (Declaration of E. Katharine Tinto, "Tinto Decl.") Ex. A.)  Petitioner's OSUP requires his enrollment in ATD, and specifies, "As part of the ATD program, you will be subject to electronic monitoring."  (Tinto Decl. Ex. B.)  From November 6, 2023, through July 14, 2025, Petitioner was required to complete virtual check-ins every four weeks on Mondays, from home, any time between 8:00AM and 8:00PM.  (Dkt. 21-2 (Second Declaration of Petitioner J.P.) ¶ 7.)  Completing a virtual check-in required that he allow the application to see his "precise location," answer a series of questions, and submit a "selfie" photo.  (*Id.* ¶ 4.)

On July 18, 2025, Petitioner was stopped by the police in Tustin Orange County, CA, for allegedly having "tinted windows."  (Pet. ¶ 7.)  Petitioner was "dragged from his vehicle, assaulted, and ended up in the emergency room at Orange County Global Medical Center."  (*Id.*)  In the early morning of July 19, 2025, Petitioner was "snuck out of the hospital by the

___

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

### CIVIL MINUTES – GENERAL

| Case No.: 8:25-cv-01640-FWS-JC | Date: October 24, 2025 |
|---|---|
| Title: J.P. v. Ernesto Santacruz Jr. *et al.* | |

police and booked into jail." (*Id.*) Later that day, Petitioner was released, and no charges have since been filed against him. (*Id.*)

On July 24, 2025, Petitioner received a phone call from an ISAP representative who said that he would need to report to the ISAP office in person on July 29, 2025, to meet a new case manager and that in-person check-ins would be added to his supervision requirements. (*Id.* ¶¶ 8, 73.) The next day, Petitioner's immigration attorney emailed ICE Deportation Officer Samuel Chairez and asked if ICE planned to detain Petitioner when he reported to ISAP. (*Id.* ¶ 9.) Officer Chairez informed Petitioner's immigration attorney that Petitioner was required to go for a "case review" due to his July 18th arrest and possibly could be taken into custody. (*Id.*) Petitioner alleges that he "now faces the prospect of ICE unilaterally stripping him of his liberty, tearing him away from his family and community, and keeping him detained under mandatory detention with no opportunity for a neutral adjudicator to review his case." (*Id.* ¶ 10.)

Shortly thereafter, Petitioner filed the Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction to prevent his re-arrest unless and until he is provided a notice and a hearing before a neutral adjudicator. (Dkt. 2 ("Application").) The court issued a TRO to preserve the status quo pending further briefing and a hearing on this matter. (Dkt. 11 ("TRO").) The court ordered that "Respondents are ENJOINED AND RESTRAINED from re-detaining or re-arresting Petitioner without notice and without a hearing until August 14, 2025, at 5:00 p.m." (*Id.*) The court held a hearing on the Application, raising the issue of whether the case was ripe because Petitioner is requesting an anticipatory remedy to prevent future detention and/or arrest. (Dkt. 17.)

In August 2025, the court denied the Application for lack of habeas jurisdiction and ordered Petitioner "to show cause, in writing, no later than September 4, 2025, why the court should not dismiss the Petition for lack of subject matter jurisdiction." (OSC at 5.) First, the court found that Petitioner failed to sufficiently allege that he is "in custody" pursuant to 28 U.S.C. § 2241(c). (*Id.* at 4.) Second, even if Petitioner sufficiently alleged that he is in custody, the court would have found that Petitioner failed to adequately allege he is challenging his confinement. (*Id.*) Because Petitioner failed to adequately allege a basis for the court to

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:25-cv-01640-FWS-JC | Date: October 24, 2025 |
| Title: J.P. v. Ernesto Santacruz Jr. *et al.* | |

exercise jurisdiction, the court denied the Motion for Preliminary Injunction and issued the OSC. (*Id.* at 4-5.)

The court observed that Petitioner had an in-person appointment scheduled with ISAP on October 9, 2025, and ordered "Petitioner to file a status update on or before October 15, 2025, at 12:00 P.M. as to (1) whether Petitioner, was detained and/or arrested at the in-person appointment, and (2) whether there were any changes to Petitioner's custodial arrangement at the appointment." (Dkt. 29.) Petitioner filed a status report stating that was not arrested or detained at his October 9, 2025, in-person appointment. (Dkt. 30.)

### III.   Legal Standard

District courts may exercise jurisdiction over habeas petitions pursuant to 28 U.S.C. § 2241 where the petitioner "is in custody in violation of the Constitution and laws or treaties of the United States." 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody."); *see also Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."). "The party seeking relief bears the burden of establishing jurisdiction." *Pinson v. Carvajal*, 69 F.4th 1059, 1063 (9th Cir. 2023). "[T]he Ninth Circuit has long held that [] 'the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.'" *Pinson*, 69 F.4th at 1065 (citing *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear . . . from the common-law history of the writ . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). "[C]laims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus." *Pinson*, 69 F.4th at 1071.

### IV.   Analysis

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

___

Case No.: 8:25-cv-01640-FWS-JC  Date: October 24, 2025
Title: J.P. v. Ernesto Santacruz Jr. *et al.*

___

The court raised two issues in the OSC: (1) whether Petitioner sufficiently alleges the "in custody" requirement pursuant to 28 U.S.C. § 2241(c) and (2) whether Petitioner adequately alleges a challenge to confinement. (OSC at 4-5.) At the hearing, the court raised the issue of ripeness and Petitioner argued that he may have been detained at the July 29, 2025, check-in and is still requesting an anticipatory remedy to avoid a due process violation. (Dkt. 17.) The court will address the issue of ripeness as the parties have fully briefed the issue. (*See generally* Response; Reply.)

The parties agree the first question the court raised is not an issue. Petitioner argues he sufficiently alleged that he is "in custody" based on the reporting and monitoring requirements imposed through his immigration bond, and provides persuasive authority and additional facts supporting the notion that the monitoring he is subject to constitutes "custody." (*See* Brief at 10-15 (citing, *e.g.*, *Sun v. Santacruz*, 2025 WL 2730235, at *2-3 (C.D. Cal. Aug. 26, 2025).) Respondents are "not contending that the case should be dismissed at this juncture on" the basis "that Petitioner is not currently within 'custody' sufficient to potentially provide jurisdiction for litigating a habeas claim." (Response at 2; *see also*, *id.* at 5 ("Rather the essential problem is that his claim is currently too speculative.").) The court therefore shifts its focus to whether the case is ripe, and the court does not address the issue of whether Petitioner is in custody. *See, e.g.*, *Hai Chieu Dam v. Timothy Robbins et al.*, 2:25-cv-08133-JWH-MAA, (C.D. Cal. Sept. 16, 2025), Dkt. 7 at 6 (declining to address whether petitioner was "in custody" because petition for an injunction barring re-detainment was not ripe) ("*Timothy Robbins*").

Petitioner argues that his future detention is not speculative because the call-in for a physical appointment is a typical ruse to re-detain noncitizens on supervised release, and that he still faces a risk of unlawful future detention. (Brief at 20-23.) Respondents respond that Petitioner's fear of arrest at his physical appointment has been resolved, and his remaining grievances are too speculative and unripe. (Response at 5-8.)

Article III of the Constitution requires district courts to adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To establish standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-01640-FWS-JC          Date: October 24, 2025
Title: J.P. v. Ernesto Santacruz Jr. *et al.*

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015) ("The party asserting the claim has the burden of establishing standing."). "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . [.]'" *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., et al.*, 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)). "[T]he plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified); *see also Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) ("For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract." (citation and quotation marks omitted)). "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citation modified). Put differently, the Petitioner "need only establish a *risk* or *threat* of injury to satisfy the actual injury requirement." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 764 (9th Cir. 2018).

The court finds Petitioner fails to sufficiently allege an injury or threat of injury because the event giving rise to the Petition has passed and Petitioner's alleged threat of future injury is too speculative and unripe.[1] *See id.* Here, Petitioner alleges that he received a call, "telling him he needed to visit the ISAP office in-person," (Pet. ¶ 8), following his recent arrest, (Dkt. 9-1 (Declaration of Brenden J. Robbins) ¶ 20). Petitioner was not detained or arrested at this physical appointment, (Dkt. 17; Response at 3; Reply at 7-8), though the court observes the court's Temporary Restraining Order was in place at the time, (TRO). Critically, the event giving rise to Petitioner's fears has now passed and Petitioner has not been detained or arrested. (*See generally* Pet.; Dkt. 30.) To the extent Petitioner challenges his future detention and/or

---

[1] Even if the court found that Petitioner adequately alleged Article III standing, the court is not persuaded that Petitioner is challenging future confinement because Plaintiff's future confinement theory is too speculative and conjectural for the reasons discussed. *See Preiser*, 411 U.S. at 487.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:25-cv-01640-FWS-JC | Date: October 24, 2025 |
| Title: J.P. v. Ernesto Santacruz Jr. *et al.* | |

arrest at another physical appointment, the court finds Petitioner fails to present sufficient allegations or evidence of the threat of future injury to confer Article III standing. *See Trump*, 932 F.3d at 764; *see also, e.g.*, *Timothy Robbins*. After the TRO expired and no further injunction was ordered, Petitioner had a physical appointment at ICE's ATD Intensive Supervision Attendance Program on October 9, 2025, where he was not detained or arrested. (*See* Dkt. 30.) Because Petitioner fails to present sufficient allegations or evidence of an injury or threat of injury, the court finds the court lacks subject matter jurisdiction. *See Trump*, 932 F.3d at 764; *see also Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction."); *De Anda v. Ford Motor Co., Inc.*, 668 F. Supp. 3d 976, 985 (C.D. Cal. 2023) ("If a case is not ripe for adjudication, then courts lack subject matter jurisdiction and should dismiss on that basis."); *Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1030 (D. Haw. 2012) (stating "[n]o case or controversy exists if a plaintiff lacks standing or if a case is not ripe for adjudication … and consequently a federal court lacks subject matter jurisdiction").

Accordingly, the Petition is **DISMISSED WITHOUT PREJUDICE**.

**V.     Disposition**

For the reasons stated above, the Petition is **DISMISSED WITHOUT PREJUDICE**. The court **DISCHARGES** the OSC.

___